**AFFIRM; Opinion Filed April 10, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00033-CR

## CHARLES WILLIAM BRYANT, Appellant
## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. CR17-2311**

## MEMORANDUM OPINION
Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Nowell

Following a bench trial, Charles William Bryant was found guilty of unlawfully carrying a weapon. In a single issue, appellant argues the evidence is insufficient to support the conviction. We affirm the trial court's judgment.

On December 17, 2017, appellant was riding in the front passenger seat in a car that a police officer pulled over for speeding. The driver of the car was appellant's girlfriend and mother of his child. The driver told the officer that the car belonged to her mother. Appellant confirmed the car belonged to the driver's mother; an officer testified appellant told him: "It's in her name, it's her truck, all

referencing to the mother." The police had no reason to believe the vehicle belonged to appellant or he had control over it.

Appellant was detained for an outstanding warrant. After smelling marijuana, the police searched the vehicle and found a firearm under the passenger seat and a magazine in the center console. Appellant informed the officer the firearm belonged to him. Appellant stated he carried the handgun for protection while at the nightclub where they spent the evening. Appellant did not have a license to carry a concealed firearm.

The driver's mother, Charles Ann Arkansas, testified on behalf of the defense. Documents associated with the purchase of the vehicle were in her name. She admitted that she purchased the vehicle, but explained the vehicle was for appellant because he needed a car but lacked sufficient credit to make the purchase. She testified she gave the vehicle to appellant immediately upon its purchase, and appellant took possession at that time. She never used the vehicle herself, and she considered appellant the vehicle's owner.

The State charged appellant with unlawfully carrying a weapon, a Class A misdemeanor. A person commits the offense of unlawfully carrying a handgun if he intentionally or knowingly carries on or about his person a handgun and is not on the person's own premises or premises under the person's control or inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control. TEX. PENAL CODE § 46.02(a). Appellant pleaded not guilty,

–2–

but the trial court found him guilty of the offense. On appeal, appellant argues the evidence is legally insufficient to find him guilty of unlawfully carrying a weapon because he was inside a motor vehicle he owned or controlled.

We review a challenge to the sufficiency of the evidence on a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.*

We do not resolve conflicts of fact, weigh evidence, or evaluate the credibility of the witnesses as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the adjudication. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). When the record supports

conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Clayton*, 235 S.W.3d at 778. The factfinder is the sole judge of the witnesses' credibility and their testimony's weight. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984).

On appeal, appellant argues the State failed to show he was not inside of a motor vehicle he owned or controlled. It is uncontested the gun belonged to appellant, and he intentionally or knowingly carried it. It also is uncontested that Charles Ann Arkansas purchased the vehicle and the associated documents were in her name.

The trial court heard conflicting evidence about whether appellant owned or controlled the vehicle. During the traffic stop, both appellant and the driver told the officers the vehicle belonged to the driver's mother. An officer testified he had no reason to believe the vehicle belonged to appellant or appellant had control over it. However, at trial, Arkansas testified appellant had possession of the vehicle since she purchased it, she never used the vehicle herself, and she considered appellant the vehicle's owner. The trial court, as the sole judge of the witnesses' credibility and the weight to be given to their testimony, could have Arkansas owned and controlled the vehicle, and appellant did not.

After reviewing the record as a whole, we conclude the evidence is legally sufficient to support the trial court's conclusion the State met its burden to prove appellant unlawfully carried a weapon. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190033F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES WILLIAM BRYANT,
Appellant

No. 05-19-00033-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at
Law, Rockwall County, Texas
Trial Court Cause No. CR17-2311.
Opinion delivered by Justice Nowell.
Justices Bridges and Whitehill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 10th day of April, 2020.